Constrained by Williams, the First Circuit affirmed in Barbosa v. Mitchell, 812 F.3d 62 (1st Cir. 2016), the denial of habeas relief in circumstances similar to those in the case at bar. In Barbosa, the Court held that the admission of a senior criminalist's expert testimonial opinion on the results of a DNA test performed by another DNA analyst was proper. Id. at 67. The First Circuit pointed to the Supreme Court's plurality decision in Williams to explain that there is no Confrontation Clause precedent proposing that "admitting an opinion such as that offered by [a surrogate DNA analyst] violates the right to confrontation." Id.
Under Confrontation Clause precedent, the expert testimony of analyst Brian Cunningham was properly admitted. Cunningham provided opinion testimony concerning original DNA test results from testing completed by an initial DNA analyst. See Mattei, 90 Mass. App. Ct. at 578-79, 62 N.E.3d 86. The holding in Williams indicates that the admission of an expert opinion based on a scientific DNA report prepared by another does not violate the right to confrontation. 567 U.S. at 57, 132 S.Ct. 2221.[3]
The Appeals Court thus correctly ruled here that "[a]n expert may testify as to his opinion, even if it is based on work conducted by another analyst." Mattei, 90 Mass. App. Ct. at 579, 62 N.E.3d 86. The second analyst's opinion testimony was admissible even though it was based on testing done by the first analyst. Id. at 580, 62 N.E.3d 86. Medeiros' rights under the Confrontation Clause were not violated by the DNA analyst's opinion testimony. Id. A certificate of appealability will issue on this point.[4]
*239 C. Cross-Examination of Police Witness
Mattei next argues that the Appeals Court erred in holding that the trial judge did not improperly "restrict the defense's ability to show bias and incompetence of the officers' investigation" when the trial judge limited his cross-examination of multiple officers, thereby limiting his attempted Bowden defense under state evidentiary law.[5] Pet'r's Mem. 15. Medeiros correctly argues that under 28 U.S.C. § 2254, "no habeas claim exists as to state criminal convictions unless the alleged errors are violations of the Constitution, laws, or treaties of the United States." Resp't's Opp'n 11.
"A necessary predicate for the granting of federal habeas relief ... is a determination by the federal court that [a petitioner's] custody violates the Constitution, laws, or treaties of the United States." Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 46 L.Ed.2d 162 (1975). The Supreme Court has held that "federal habeas corpus relief does not lie for errors of state law." Lewis v. Jeffers, 497 U.S. 764, 780, 110 S.Ct. 3092, 111 L.Ed.2d 606 (1990) ; see Pulley v. Harris, 465 U.S. 37, 41, 104 S.Ct. 871, 79 L.Ed.2d 29 (1984). In Estelle v. McGuire, 502 U.S. 62, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991), the Court reemphasized "that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Id. at 67-68, 112 S.Ct. 475.
Because Mattei complains about issues of state evidentiary law which are not subject to review under 28 U.S.C § 2254, this Court declines to review the decision of the Appeals Court regarding the limitation of further examination into the police investigation.
D. Due Process
Mattei argues finally that the trial judge's limitation of his cross-examination of a second police officer denied him his right to due process of law. Pet'r's Mem. 13. Mattei cites Holmes v. South Carolina, 547 U.S. 319, 126 S.Ct. 1727, 164 L.Ed.2d 503 (2006), to explain "[w]hether rooted directly in the Due Process Clause of the Fourteenth Amendment or in the Compulsory Process or Confrontation Clauses of the Sixth Amendment, the Constitution *240 guarantees criminal defendants 'a meaningful opportunity to present a complete defense.' " Id. at 324, 126 S.Ct. 1727 (quoting Crane v. Kentucky, 476 U.S. 683, 690, 106 S.Ct. 2142, 90 L.Ed.2d 636 (1986) ). Medeiros correctly argues that because the standard of review for a state court decision is "reasonableness," habeas relief is not warranted. Resp't's Opp'n 13.
"The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of ... needlessly presenting cumulative evidence." Fed. R. Evid. 403. While the violation of a rule of evidence is not, in itself, a constitutional violation, "an evidentiary error may result in such fundamental unfairness to the defendant as to constitute a due process violation." Evans v. Verdini, 466 F.3d 141, 145 (1st Cir. 2006). Of importance here, federal habeas review is not "a vehicle to second-guess the reasonable decisions of state courts." Renico v. Lett, 559 U.S. 766, 779, 130 S.Ct. 1855, 176 L.Ed.2d 678 (2010). At trial, Mattei was permitted to advance his defense by attempting to expose the inadequacies of the police investigation. Resp't's Opp'n 10-11. Mattei then proceeded to ask another police officer the same question. Id. at 11. The trial judge limited this further examination, and the Appeals Court ruled that the judge exercised proper discretion "where such testimony would have been cumulative." See Mattei, 90 Mass. App. Ct. at 581, 62 N.E.3d 86. The limitation of cumulative testimony, "even if it is debatable, ... is not unreasonable." Wood v. Allen, 558 U.S. 290, 303, 130 S.Ct. 841, 175 L.Ed.2d 738 (2010). The limitation of Mattei's cross-examination reasonably occurred only after Mattei attempted to ask a subsequent police officer an identical question. The decision by the trial judge to limit cumulative testimony was reasonable. Mattei was provided a meaningful opportunity to present his whole defense and the limitation of a second cross-examination in no way resulted in fundamental unfairness creating a due process violation.
The Massachusetts Appeals Court's decision "was [not] contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d) )(1). Mattei's request for habeas relief is denied.
III. CONCLUSION
For the reasons stated above, the Court DENIES Mattei's petition under 28 U.S.C. § 2254 for a writ of habeas corpus. A certificate of appealability will issue as to point II.B above, but not otherwise as the remaining claims are utterly without merit.
SO ORDERED.

Charging the jury in these cases presents special problem as well. See generally Pooja Chaudhuri, A Right to Rational Juries? How Jury Instructions Create the "Bionic Juror" in Criminal Proceedings Involving DNA Match Evidence, 105 Cal. L. Rev. 1807, 1819 (2017).

While the decision of the Massachusetts Appeals Court in Mattei faithfully reflects Williams' holding, its formulation of the rule (quoted above) may well extend Williams' narrow holding and almost certainly goes farther than warranted by the decision of the Supreme Judicial Court in Commonwealth v. Greineder.
Distortions creep into the law when courts fail to distinguish between a higher court's holding (which must be obeyed under the doctrine of stare decisis) and its dicta (which is only persuasive). See Neal Devins & David Klein, The Vanishing Common Law Judge?, 165 U. Pa. L. Rev. 595, 620-21 (2017) ; see also Ryan D. Walters, Fragmenting the Judiciary: Shifting Implementation of Supreme Court Doctrine from Federal Courts to State Courts, 42 Cap. U. L. Rev. 951 (2014) (suggesting state courts more likely than federal to push back against Supreme Court doctrine). See generally Bryan A. Garner et al., The Law of Judicial Precedent (Thomson Reuters 2016). This problem is compounded today by the marginalization of the American jury (where trial judges must necessarily closely analyze appellate decisions to craft precise jury instructions). See William G. Young, Juries Make a Difference, Address to 2017 Forum for State Appellate Court Judges, in Jurisdiction: Defining State Courts' Authority 65 (Pound Civil Justice Institute, 2018). See also Winfield v. Town of Andover, Civil Action No. 17-11051-WGY, 305 F.Supp.3d 286, 299 n.5, 2018 WL 1627437, at *8 n.5 (D. Mass. Apr. 4, 2018) (decrying the "over academicization" of our trial processes). The result of all this is that our jurisprudence tends ever more toward the "Europeanization" of American courts, i.e. a vertical "code" system where identifying the correct "rule" is all too often the extent of what passes for analysis. See William G. Young, An Open Letter to U.S. District Judges, The Federal Lawyer, July 2003, at 30.
Simply put, the role of the Confrontation Clause in this area needs refinement and explication on a sound analytic base. Unfortunately, AEDPA says of the "inferior" courts: "Theirs not to reason why, theirs but" to follow the muddled (in this area, at least) jurisprudence of the Supreme Court. 28 U.S.C. § 2554(d)(1); see Alfred Lord Tennyson, The Charge of the Light Brigade. Thoughtful voices have raised concerns whether this statutory restriction on the exercise of the Article III judicial function is itself constitutional. See, e.g., Evans v. Thompson, 524 F.3d 1 (1st Cir. 2008) (Lipez, J.).

Although state evidentiary law is not subject to federal habeas review, Mattei makes a due process argument, addressed infra at 239, on the same state evidentiary grounds.