**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 21 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



JONRRIS M. CASTRO LAGUNA,

Petitioner,

v.

TODD BLANCHE, Acting Attorney General,

Respondent.

No. 25-2467

Agency No.
A206-183-784

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 19, 2026**
Pasadena, California

Before: BENNETT, KOH, and MENDOZA, Circuit Judges.

Petitioner Jonrris Castro Laguna, a native and citizen of Nicaragua, petitions

for review of an order of the Board of Immigration Appeals ("BIA") dismissing

Petitioner's appeal of an Immigration Judge's ("IJ") order denying Petitioner's

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

application for asylum, withholding of removal, and deferral of removal under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review the agency's "particularly serious crime" determination for abuse of discretion. *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015); *see* 8 U.S.C. § 1231(b)(3)(B)(ii). We review the agency's factual findings for substantial evidence. *Edgar G.C. v. Bondi*, 136 F.4th 832, 842 (9th Cir. 2025).

1. The agency did not abuse its discretion in determining that Petitioner's conviction for inflicting corporal injury on his wife under California Penal Code § 273.5(a) was a particularly serious crime precluding Petitioner's eligibility for withholding of removal. "The applicable legal standard to determine if a crime is particularly serious . . . requires the agency to ask whether 'the nature of the conviction, the underlying facts and circumstances and the sentence imposed justify the presumption that the convicted immigrant is a danger to the community.'" *Avendano-Hernandez*, 800 F.3d at 1077 (quoting *Delgado v. Holder*, 648 F.3d 1095, 1107 (9th Cir. 2011) (en banc)). "Our review is limited to ensuring that the agency relied on the appropriate factors and proper evidence to reach this conclusion." *Id.* (cleaned up).

In determining that Petitioner's conviction was a particularly serious crime, the BIA first examined the elements of the crime and noted that § 273.5(a) requires

the willful infliction of "corporal injury resulting in traumatic condition upon a victim." The BIA then discussed the underlying facts and circumstances of the crime, and specifically, that Petitioner "wrapped his arm around his wife's neck, pushed her inside his car, slapped her twice, and blocked the door to prevent her from exiting and that the police found his wife with a bloody nose and red face." The BIA also considered Petitioner's sentence of 364 days and noted that the IJ found that the sentence was "significant." Because the BIA considered the appropriate factors and relied on proper evidence, it did not abuse its discretion in concluding that Petitioner's conviction was a particularly serious crime. Contrary to Petitioner's suggestions, the BIA was not required to consider separately whether Petitioner was a danger to the community because "[i]t is irrebuttably presumed that once a crime is determined to be particularly serious, the individual who committed that crime presents a danger to the community." *Gomez-Sanchez v. Sessions*, 892 F.3d 985, 996 (9th Cir. 2018); *see also Chmukh v. Garland*, 124 F.4th 670, 680 (9th Cir. 2024); 8 C.F.R. § 1208.16(d)(2)(i).

2.      The agency did not err in concluding that Petitioner failed to establish his eligibility for deferral of removal under CAT. To qualify for deferral of removal under CAT, Petitioner must show that it is "more likely than not" that he "will be tortured at the instigation of, or with the acquiescence of the [Nicaraguan] government." *Delgado*, 648 F.3d at 1108 (quoting *Silaya v. Mukasey*, 524 F.3d

3                                            25-2467

1066, 1073 (9th Cir. 2008)); *see also Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (per curiam) (noting that "the petitioner must demonstrate that he would be subject to a '*particularized threat* of torture'" (quoting *Lanza v. Ashcroft*, 389 F.3d 917, 936 (9th Cir. 2004))).

Substantial evidence supports the agency's determination that Petitioner failed to show a particularized threat of torture if he returns to Nicaragua. Petitioner contends that his father, a member of an opposition political party, was kidnapped twice and murdered by members of Nicaraguan President Daniel Ortega's political party, and that shortly after the murder, members of Ortega's party broke Petitioner's ribs and nose and threatened him if he did not leave the country. However, as the IJ noted, Petitioner's beating occurred in 2006 or 2008 and was the only instance of harm he suffered. Following the beating, Petitioner remained unharmed in Nicaragua for several years before arriving in the United States in 2013. At the time of the IJ's decision in 2020, Petitioner had not returned to Nicaragua in over seven years. In light of this evidence, the IJ properly concluded that Petitioner failed to show that Ortega's political party remains interested in Petitioner. *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 707 (9th Cir. 2022) (substantial evidence supported denial of CAT relief where there was "no evidence of threats or harm since Petitioner was kidnapped more than ten years ago"). The IJ likewise properly determined that Petitioner's generalized country

conditions evidence failed to demonstrate that Petitioner "would face any particular threat of torture beyond that of which all citizens of [his country] are at risk." *Dhital*, 532 F.3d at 1051-52.

3.      Petitioner's remaining arguments are not properly before us. Petitioner appears to argue the merits of his asylum and withholding of removal claims. However, the BIA did not reach the merits of these claims because it found that Petitioner's asylum claim was time barred, as Petitioner had conceded to the agency, and that Petitioner's withholding claim was barred based on Petitioner's conviction for a particularly serious crime.[1] Petitioner also challenges the IJ's adverse credibility determination in connection with the merits of his asylum and withholding of removal claims. However, the BIA did not rely on the IJ's adverse credibility determination and instead assumed Petitioner was credible for purposes of the appeal. Because Petitioner raises challenges to grounds not relied on by the BIA, these arguments are not properly before us. *See Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1075 (9th Cir. 2020) ("Our review is limited to those grounds explicitly relied upon by the BIA." (cleaned up)).

**PETITION DENIED.[2]**

---

[1] Petitioner does not challenge the BIA's determination that Petitioner's asylum claim is time barred.

[2] The stay of removal shall remain in place until the mandate issues.